ORIGINAL

FILED

2016 MAY -2 PM 1:48

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>                                    Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 76.176.134.214,<br><br>                                    Defendant. | Case No.: 16cv446 BAS (KSC)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>**Doc. No. 4** |

On March 18, 2016, Plaintiff filed an *Ex Parte* Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference, along with supporting exhibits. [Doc. No. 4.] As plaintiff has not named or served a particular defendant in the action, no opposition or reply briefs have been filed. For the reasons outlined below, Plaintiff's Ex Parte Motion is **DENIED**. [Doc. No. 4.]

### *BACKGROUND*

Plaintiff Malibu Media, LLC is a limited liability company and the holder of rights to various copyrighted works, including several adult videos. [Doc. No. 1.] On February 18, 2016, plaintiff filed a Complaint against a single "John Doe" identified by an Internet Protocol address ("IP address") of 76.176.134.214. *Id.* Plaintiff alleges direct copyright infringement against Defendant. *Id.* Plaintiff asserts that it is the registered copyright holder

1

of 60 copyrighted works which were allegedly infringed by defendant. [Doc. No.1, Ex. A.] Plaintiff asserts that defendant used a "BitTorrent" file distribution network to download, copy, and distribute plaintiff's copyrighted works through the internet without plaintiff's permission. [Doc. No. 1.] Plaintiff alleges that its investigator, Excipio GmbH, used a computer program to detect and monitor this infringement activity and was able to observe downloading, reproduction, and distribution of the copyrighted videos by defendant. [Doc. No. 1, at 4.] However, plaintiff claims it cannot determine defendant's actual identity without limited expedited discovery, namely the issuance of a subpoena to defendant's internet service provider, Time Warner Cable (hereafter "ISP"). [Doc. No.4-1, at 16-17.]

## *FACTUAL ALLEGATIONS*

Plaintiff alleges that defendant reproduced and distributed the copyrighted videos by acting in concert with others using a "BitTorrent" file sharing method that is used to distribute data over the internet. [Doc. No. 1, pp. 3-5.] Plaintiff explains that BitTorrent is a peer-to-peer file sharing network wherein the BitTorrent protocol breaks a digital file into many smaller pieces. [Doc. No. 1, at 3.] Users can then exchange these small pieces among each other. *Id.* After a user receives all of the small pieces of a particular digital file, the user can use software that will reassemble the small pieces and enable the user to open and utilize the larger complete file. *Id.*

Plaintiff's investigator, Excipio GmbH, identified IP address 76.176.134.214 as an IP address to which material was downloaded in violation of defendant's copyright. [Doc. No. 4-3, Ex. C.]   Excipio GmbH uses Network Activity Recording and Supervision ("NARS") software to routinely monitor the BitTorrent file distribution network for specific "hash values." [Doc. No. 4-3, at p. 2.] Each piece of a BitTorrent file, in addition to the entire file, has a unique "hash value." *Id.* at 3. A hash value acts as a unique digital fingerprint and every digital file has one hash value. *Id.* The Complaint includes a list of the 60 movie titles, their hash values, and the dates and times those movies were allegedly downloaded at IP address 76.176.134.214. [Doc. No. 1-2, Ex. A.] Plaintiff asserts that it used "geolocation technology" to ensure that the defendant's acts of copyright

1   infringement occurred using an Internet Protocol address ("IP address") traced to a physical
2   address located within the District. [Doc. 1, at 2.]

3   ### *LEGAL STANDARD*

4   District courts generally prohibit formal discovery until after parties have conferred
5   pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). However, the
6   Ninth Circuit has held that district courts have discretion to grant early discovery to
7   determine jurisdictional facts upon a showing of good cause. *Gillespie v. Civiletti*, 629 F.2d
8   637, 642 (9th Cir. 1980); *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273,
9   275-76 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating
10  Plaintiff's request for expedited discovery"). When a defendant's identity is unknown at
11  the time a complaint is filed, "courts may grant plaintiffs leave to take early discovery to
12  determine the defendants' identities 'unless it is clear that discovery would not uncover the
13  identities, or that the complaint would be dismissed on other grounds.'" *808 Holdings, LLC*
14  *v. Collective of December 29, 2011 Sharing Hash*, No. 12-cv-0186 MMA (RBB), 2012
15  WL 1648838, *3 (S.D. Cal. May 4, 2012) (*quoting Gillespie*, 629 F.2d at 642).

16  District courts apply a three-factor test when considering whether there is good cause
17  for expedited discovery to determine the identity of Doe defendants. *Columbia Ins. Co. V.*
18  *Seescandy.com*, 185 F.R.D. 573, 778-80 (N.D. Cal. 1999). First, the plaintiff is required to
19  "identify the missing party with sufficient specificity such that the Court can determine
20  that defendant is a real person or entity who could be sued in federal court." *Id.* at 578.
21  Second, the plaintiff "should identify all previous steps taken to locate the elusive
22  defendant" to ensure that the plaintiff has made a good faith effort to identify and serve
23  process on the defendant. *Id.* at 579. In recent cases, district courts have determined that a
24  plaintiff can identify a Doe defendant with sufficient specificity by providing a unique IP
25  address assigned to an individual on the day of the allegedly infringing conduct, and by
26  tracing the IP address to a physical point of origin which would subject the person to the
27  court's jurisdiction. *See, e.g., Arista Records, LLC v. Does* 1-4, 589 F. Supp. 2d 151, 152-
28  153 (D. Conn. 2008); *Openmind Solutions, Inc. v. Does 1-39*, No. C 11-3311 MEJ, 2011

WL 4715200, at 2 (N.D. Cal. Oct. 7, 2011); *Pink Lotus Entm't, LLC v. Does 1-46*, No. C-11-02263 HRL, 2011 WL 2470986, at 3 (N.D. Cal. June 21, 2011). Third, the "plaintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Columbia Ins. Co. V. Seescandy.com*, 185 F.R.D. 573, 579 (N.D. Cal. 1999) (*citing Gillespie*, 629 F.2d at 642). Further "the plaintiff should file a request for discovery with the Court, along with a statement of reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Id.* at 580.

## ***DISCUSSION***

Plaintiff must identify defendant with enough specificity to enable this Court to determine that defendant is a real person or entity who would be subject to the jurisdiction of this Court. *Malibu Media, LLC, v. John Doe - 75.80.166.89*, No. 15CV2919 MMA (MDD) (S.D. Cal. February 17, 2016); *Columbia Ins.*, 185 F.R.D. at 578. A plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin. *808 Holdings*, 2012 WL 1648838, at *4 (*quoting OpenMind Solutions, Inc. v. Does 1-39*, No. C-11-3311 MEJ, 2011 WL 4715200 (N.D. Cal. Oct. 7, 2011); *Pink Lotus Entm't, LLC v. Does 1-46*, No. C-11-02263 HRL, 2011 WL 2470986 (N.D. Cal. June 21, 2011)).

In this case, plaintiff has failed to identify defendant with sufficient specificity because it has not established that the IP address identified corresponds to a defendant who is physically located in this District. The Complaint alleges: "Plaintiff used proven IP address geolocation technology which has consistently worked in similar cases to ensure that the Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore this Court has personal jurisdiction over the Defendant because (i) Defendant

committed the tortious conduct alleged in this Complaint in this State, and (ii) Defendant resides in this State and/or (iii) Defendant has engaged in substantial and not isolated business activity in this State." [Doc. No. 1, at 2.] However, the allegation that the IP address at issue likely traces to a physical address in this District is not supported in the declarations filed in support of this Motion. [Doc. No. 4.] In its Memorandum of Points and Authorities, plaintiff asserts that it employed geolocation technology to trace the physical address of the offending IP address within this jurisdiction. [Doc. No. 4-1, at 20.] While plaintiff asserts that it used Maxmind ® Premium's IP geolocation database, it provides no evidentiary support verifying the accuracy of this geolocation technology, but instead merely cites the Complaint for support. [Doc. No. 4-1 at 20.] While plaintiff did submit the Declaration of a retained investigator, Daniel Susac, to provide evidentiary support for the forensic techniques utilized in observing the act of infringement, no evidentiary support was provided to show that the IP address at issue likely resolves to a physical address located in this District. [Doc. No. 4-3]; *See also* [Doc. No. 4.] This Court cannot rely on plaintiff's unsupported assertions regarding the use and accuracy of the geolocation technology. As no reliable evidence was presented to support the allegation that defendant is subject to this Court's jurisdiction, the instant Motion must fail.

### *CONCLUSION*

For the reason set forth above, plaintiff's *Ex Parte* Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference is **DENIED**. [Doc. No. 4.]

**IT IS SO ORDERED**.

Dated:  April 29, 2016

Hon. Karen S. Crawford
United States Magistrate Judge

16cv446 BAS (KSC)