FILED
JUL 20 2016
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  ᴍxɴ  DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br>  Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 76.176.134.214,<br>  Defendant. | Case No.: 16cv446-BAS (KSC)<br><br>**ORDER DENYING PLAINTIFF'S SECOND EX PARTE MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>**Doc. No. 8** |

On April 29, 2016, the Court denied plaintiff's *Ex Parte* Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference because, *inter alia,* "no evidentiary support was provided to show that the IP address at issue likely resolves to a physical address located in this District." [Doc. No. 5, at p. 4.] Thereafter, on June 24, 2016, plaintiff filed a Renewed *Ex Parte* Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference with the addition of the Declaration of plaintiff's attorney Brennan E. Erlbaum in support thereof. [Doc. No. 8.]

Plaintiff's Renewed Motion fails to address the concerns raised by this Court in the April 29, 2016 Order. First, plaintiff again fails to provide sufficient evidence that supports the assertion that the IP address at issue likely traces to a physical address located in this District. In the Renewed Motion, plaintiff refers the Court to the Complaint and then

provides the steps generally taken by plaintiff before it initiates a lawsuit, without tying these same general steps to the specific actions taken in the instant case or the applicable time frame. The vague language of plaintiff's counsel's declaration along with the internal inconsistency within the provided Exhibits and Declarations undermines the reliability of plaintiff's assertions. *Compare* [Doc. No. 8-4, at p. 4] (directing the Court to review Exhibit A, "a report that accurately reflects every city trace compared to ISP response from the cases undersigned has filed on behalf of Plaintiff...."] *with* [Doc. No. 8-5] (marked as Exhibit A, containing no "accuracy report," but instead consisting of the Declaration of X-Art.com's creator, Colette Field, generally describing her business;) *with id.* (directing the Court to review a nonexistent "Exhibit D.")

Referring the Court to the Complaint and then providing vague and general steps taken when initiating infringement lawsuits lacks the specificity and reliability required to support a request for expedited discovery. Additionally, the Court takes judicial notice, *sua sponte,* of the three other *Malibu Media v. John Doe* cases before this Court wherein the same general and vague Declaration of Brennan E. Erlbaum has been attached to each renewed Motion seeking expedited discovery. *See* 3:16-cv-00431-CAB-KSC, [Doc. No. 8-4]; 3:16-cv-00442-BTM-KSC, [Doc. No. 8-2]; *and,* 3:15-cv-02917-CAB-KSC, [Doc. No. 11-2.] The Declaration provides no evidence that Mr. Erlbaum actually reviewed the specific Geolocation data for the 76.176.134.214 alleged offending IP address, and determined that the specific IP address resolves to a location within the District. In short, plaintiff's cookie cutter declaration fails to provide sufficiently reliable evidence connecting the defendant to this jurisdiction. Accordingly, the instant Motion fails.

## CONCLUSION

For the reason set forth above, plaintiff's Renewed *Ex Parte* Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference is **DENIED**. Plaintiff is warned that failure to provide sufficiently reliable evidence connecting IP address

///

76.176.134.214 to this district will result in denial of the Motion with prejudice.

**IT IS SO ORDERED.**

Dated: July 20, 2016

Hon. Karen S. Crawford
United States Magistrate Judge